IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| MICHAEL GEOFFREY PETERS, #2019190, | § | |
|---|---|---|
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 6:17-CV-00595-RC |
| LORIE DAVIS, THOMAS TAYLOR, MARK SANDLIN, | § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

The above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. On March 14, 2019, the Magistrate Judge issued his Report and Recommendation (Doc. No. 156), recommending that Defendants' Motion for Summary Judgment (Doc. No. 152) be granted and that Defendants Thomas Taylor and Mark Sandlin be dismissed without prejudice for lack of subject matter jurisdiction due to absence of a case or controversy. Plaintiff Michael Peters ("Plaintiff"), who is proceeding *pro se*, filed objections (Doc. No. 159), which stated, among other arguments, that Plaintiff was never served with a copy of Defendants' Motion. Accordingly, the Court issued an order permitting Plaintiff to file supplemental objections after having an opportunity to review Defendants' original Motion. (Doc. No. 162.) On April 8, 2019, Plaintiff filed his supplemental objections (Doc. No. 166). The Court reviews *de novo* the portions of the Magistrate Judge's findings to which objections have been raised. 28 U.S.C. § 636(b)(1). Having reviewed the Magistrate Judge's findings and Plaintiff's objections, the Court **OVERRULES** Plaintiff's objections (Doc. No.

1

159) and supplemental objections (Doc. No. 166) and **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. No. 156) as the findings of the Court.

## LEGAL STANDARD

The Court reviews objected-to portions of the Magistrate Judge's Report and Recommendation *de novo*. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). A court conducting a *de novo* review examines the entire record and makes an independent assessment under the law. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

## DISCUSSION

Plaintiff filed this action originally alleging various claims against various parties. (Doc. No. 1.) Subsequently, the Court entered an Order of Partial Dismissal (Doc. No. 107), which dismissed several of Plaintiff's claims and narrowed the scope of the instant action. The only remaining claim is Plaintiff's claim pursuant to the Religious Land Use and Institutionalized Persons Act ("RLUIPA") against Defendants Lorie Davis, Thomas Taylor, and Mark Sandlin. (Doc. No. 107, at 12.) In his Report and Recommendation, the Magistrate Judge recommended dismissing Defendants Thomas Taylor and Mark Sandlin without prejudice due to lack of subject matter jurisdiction. (Doc. No. 156.) Specifically, the Magistrate Judge found that there is no genuine dispute as to any material fact regarding Defendants Taylor and Sandlin's power and authority to transfer Plaintiff to a facility with a kosher kitchen. Accordingly, the Magistrate

Judge found that Plaintiff failed to establish the existence of a case or controversy redressable by Defendants Taylor and Sandlin.

I. **Original Objections (Doc. No. 159)**

In his original objections (Doc. No. 159), Plaintiff raises several arguments. First, Plaintiff argues that the Court has failed to address Plaintiff's other allegations, including: assault, neglect of said assault being investigated, legal mail theft, confiscation of Plaintiff's law books, retaliation, medical neglect and abuse, the State's cover-up and retaliation for exposing racketeering crimes of the State; and discrimination. (Doc. No. 159, at 1–2.) For reasons stated in the Court's prior Order, these claims have already been dismissed. (Doc. No. 107.) Accordingly, it is unnecessary for the Court to further address these claims.

Next, Plaintiff argues he never received Defendants' Motion and accordingly was unable to file a timely response. (Doc. No. 159, at 2.) Defendants have certified that another copy of the Motion has been sent to Plaintiff. (Doc. No. 161.) Accordingly, the Court provided Plaintiff an opportunity to submit supplemental objections. (Doc. No. 162.) Plaintiff has since filed supplemental objections. (Doc. No. 166.) Accordingly, the Court finds that Plaintiff has been provided adequate notice and an opportunity to respond to both Defendants' Motion and the Magistrate Judge's Report and Recommendation.

Further, Plaintiff argues that Plaintiff is not able to adequately respond to Defendants' Motion because he has had law books confiscated and lacks access to adequate legal resources. (Doc. No. 159, at 2.) Indeed, while prisoners have certain rights pertaining to access to the courts, these rights do not afford prisoners a right to unlimited access to prison law libraries. *Jones v. Greninger*, 188 F.3d 322, 325–26 (5th Cir. 1999). Prisons may regulate access to law

libraries so long as the regulations are reasonably related to legitimate penological interests. *Id.* Plaintiff has not shown he was denied adequate access to the courts.

Next, Plaintiff argues that he has satisfied the requirements for constitutional standing set out in *Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992). First, Plaintiff argues he has suffered an injury, as he assets his First Amendment rights have been violated because he has been unable to attend Jewish religious services and is not provided a Kosher diet in accordance with Jewish law. (Doc. No. 159, at 4.) Plaintiff further argues that denial of Plaintiff's right to practice his religion (i.e. attend services or maintain a Kosher diet) is causally related to the First Amendment violation he claims he suffers. (Doc. No. 159, at 5.) Plaintiff also cites the redressability prong of *Lujan*. (Doc. No. 159, at 5.)

Plaintiff also addresses the merits of his claims. Plaintiff argues that prisons must provide prisoners a reasonable opportunity to meet with religious clergy of their faith, wear religious headgear, and accommodate prisoners' religious diets. (Doc. No. 159, at 5–6.) Plaintiff further argues that the Equal Protection Clause of the Fourteenth Amendment prohibits prisons from discriminating on the basis of religion. (Doc. No. 159, at 6–7.)

Plaintiff argues this Court has jurisdiction because Defendant Taylor completed paperwork regarding Plaintiff's religious status, which in turn was provided to Defendant Sandlin to process a transfer based on Plaintiff's religious status. (Doc. No. 159, at 8–9.) Plaintiff argues this conduct led to the denial of Plaintiff's transfer to a unit with a Kosher kitchen and therefore is the basis of this cause of action. Plaintiff argues that Defendants Taylor and Sandlin provided information to the Unit Classification Committee (UCC) and State Classification Committee (SCC), which in turn was relied upon to deny Plaintiff his constitutional rights. (Doc.

4

No. 159, at 9.) Plaintiff argues that Defendants Taylor and Sandlin knew the information they provided would be used to violate Plaintiff's constitutional rights. (Doc. No. 159, at 9.)

Plaintiff's original objections (Doc. No. 159) do not address the basis upon which the Magistrate Judge recommended dismissal—namely that Defendants Taylor and Sandlin lack authority to transfer Plaintiff to a unit with a Kosher kitchen and therefore are unable to redress Plaintiff's alleged injuries. Accordingly, Plaintiff's original objections (Doc. No. 159) are overruled.

## II.  Supplemental Objections (Doc. No. 166)

The Court now turns to Plaintiff's supplemental objections (Doc. No. 166). As discussed, *supra*, the Court permitted Plaintiff to file supplemental objections because he claimed he was not served a copy of Defendants' Motion. (Doc. No. 162.) Plaintiff was served with a copy of Defendants' Motion prior to submitting his supplemental objections. (Doc. No. 161.) Plaintiff raises several grounds in his supplemental objections.

Plaintiff's supplemental objections are primarily directed toward the merits of his claim. Plaintiff argues he was unable to comply with TDCJ Chaplaincy Policy 7.02 because he was unable to provide an address for his mother and grandmother because they are deceased. (Doc. No. 166, at 2.) Plaintiff argues that his inability to provide contact information for his Jewish relatives should not serve as a basis to deny Plaintiff access to Kosher meals. Plaintiff further challenges TDCJ's policy of working with a third-party entity, the Aleph Institute, to determine Plaintiff's religious status and argues the third-party entity took $4,300 from Plaintiff under false pretenses.

Plaintiff also reiterates his prior argument that Defendants Taylor and Sandlin prepared reports that they knew would be used for the purpose of violating Plaintiff's constitutional rights.

5

(Doc. No. 166, at 5.) Plaintiff argues the reports prepared by these Defendants at the unit level implicate the ultimate results of a transfer decision. (Doc. No. 166, at 7.) Plaintiff's arguments with respect to Defendants Taylor and Sandlin, however, are insufficient to establish standing. Plaintiff's assertions that Defendants Taylor and Sandlin may have been involved with paperwork leading to Plaintiff's prior transfer denials does not establish their ability to prospectively effectuate Plaintiff's transfer to a unit with a Kosher kitchen. According, Defendants Taylor and Sandlin are unable to redress Plaintiff's alleged injuries.

Therefore, Plaintiff's supplemental objections (Doc. No. 166) are also overruled.

## CONCLUSION

Having made a *de novo* review of the objected-to portions of the Report and Recommendation (Doc. No. 156), the Court finds, for the reasons explained above, that Plaintiff's objections (Doc. No. 159) and supplemental objections (Doc. No. 166) should be **OVERRULED** and the Magistrate Judge's Report (Doc. No. 156) should be **ADOPTED**. Defendants Taylor and Sandlin's Motion for Summary Judgment (Doc. No. 152) is **GRANTED** and Defendants Thomas Taylor and Mark Sandlin are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Furthermore, the Court notes that the docket maintained by the Clerk's Office currently lists as active several Defendants previously dismissed by the Court. (Doc. No. 107.) The Clerk's Office is **ORDERED** to terminate all Defendants, with the exception of Lorie Davis. The only remaining claim in this action is Plaintiff's claim arising under RLUIPA asserted against Defendant Lorie Davis.

So **ORDERED** and **SIGNED** April 20, 2019.

_____
Ron Clark, Senior District Judge